James L. ARNOLD, et al., Tim Loggins, et al., and Dennis Stoneman, et al.,

v.

STATE OF ARKANSAS, et al.

Nos. LR–C–94–177, PB–C–94099 and LR–C–93–884.

United States District Court, E.D. Arkansas, Western Division.

July 10, 1996.

## ORDER

EISELE, District Judge.

Before the Court is Defendant's Motion to Dismiss and the plaintiffs response thereto. Defendants argue that the Supreme Court's

opinion in *Seminole Tribe of Florida v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), effectively eliminates this Court's jurisdiction over the plaintiffs' claims under the Fair Labor Standards Act. Plaintiffs respond that *Seminole's* holding should be narrowly construed and should not be read to negate Congresses power to abrogate the states' Eleventh Amendment immunity pursuant to the Commerce Clause.

## I. Facts

Plaintiffs are past or present correctional (security) officers who were, during the relevant time period, employed by the Arkansas Department of Corrections ("Department"), a governmental entity of the State of Arkansas. They were employed based upon a fourteen day work period pursuant to and in accordance with 29 U.S.C. § 207(k). Plaintiffs allege that they were not compensated in accordance with the FLSA. The plaintiffs claims are outlined in detail in the Court's Order of December 11, 1995, and will not be repeated here.

## II. Discussion

The Supreme Court in *Seminole* followed a two part inquiry to determine whether Congress, through the Indian Commerce Act, abrogated the States' immunity from suit: first, whether Congress had unequivocally expressed its intent to abrogate Eleventh Amendment immunity (citing *Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)); and second, whether Congress has acted pursuant to a valid exercise of power. *Id.* Applying this test to the Interstate Commerce Clause,[1] the Court found that the Congress lacked authority under the Interstate Commerce Clause to abrogate the states' Eleventh Amendment immunity. *Seminole,* —— U.S. at ——, 116 S.Ct. at 1128. The Court expressly overruled its prior decision in *Pennsylvania v. Union Gas,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989) a plurality opinion which held that the Interstate Commerce Clause authorized Congress to abrogate the States' Eleventh Amendment immunity. *Seminole,* —— U.S. at ——, 116 S.Ct. at 1128. In overruling *Union Gas* the Court stated:

[T]oday, we reconfirm that the background principle of state sovereign immunity embodied in the Eleventh Amendment is not so ephemeral as to dissipate when the subject of the suit is an area, like the regulation of Indian commerce, that is under the exclusive control of the Federal Government. Even when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction. Petitioner's suit against the State of Florida must be dismissed for lack of jurisdiction.

*Seminole,* —— U.S. at —— – ——, 116 S.Ct. at 1131–32. The Court also provided:

As the dissent in *Union Gas* recognized, the plurality's conclusion—that Congress could under Article I expand the scope of the federal courts' jurisdiction under Article III—'contradict[ed] our unvarying approach to Article III as setting forth the exclusive catalog of permissible federal court jurisdiction.

*Id.* at ——, 116 S.Ct. at 1128 (quoting *Union Gas,* 491 U.S. at 39, 109 S.Ct. at 2301 (Scalia, J. dissenting))(emphasis in original).

Because the Court overruled *Union Gas* this Court concludes that a federal court no longer has jurisdiction over claims brought against a state pursuant to the FLSA. *See Moad et al., v. Arkansas,* LR–C–94–450 (W.D.Ark. May 14, 1996)(Wilson, J., held that district court did not have jurisdiction over FLSA claim against state in light of Supreme Court's holding in *Seminole* ), *see also Adams et al. v. Kansas,* 934 F.Supp. 371 (D.Kan.1996)(Rogers, J., held that because the FLSA was enacted pursuant to the Interstate Commerce Clause and because *Seminole* determined that Congress does not have authority under the Interstate Commerce Clause to abrogate a state's Eleventh Amendment immunity, there can be no cause of action against a state or any of its agencies

---

1. The Court held that there was no "principled distinction in favor of the States to be drawn between the Indian Commerce Clause and the Interstate Commerce Clause." *Seminole,* —— U.S. at ——, 116 S.Ct. at 1127.

under the FLSA). Under the two part test reiterated in *Seminole*, it is clear that Congress expressed its intent to abrogate the states' immunity.[2] However, pursuant to the Supreme Court's holding in *Seminole*, Congress did not act pursuant to a valid exercise of power. In sum, *Seminole* necessitates a finding that Congress does not have the authority, under the Commerce Clause, to abrogate a state's immunity.[3] For the reasons indicated above, this Court dismisses this case for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss[4] be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that all pending motions be, and they are hereby, DISMISSED AS MOOT. This Order represents the final action on this case.

---

2. The FLSA provides that "any employer (including a public agency)" is subject to liability under the FLSA. 29 U.S.C. § 216(b). "Public agency" is defined as "the Government of the United States; the government of a State or political subdivision thereof; any agency ... if a State ..." 29 U.S.C. § 203(x).

3. There is no doubt that in enacting the FLSA, Congress was exercising its power pursuant to the Interstate Commerce Clause:

It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States with foreign nations ...
29 U.S.C. § 202(b).

4. Docket No. 76 (Stoneman); Docket No. 66 (Loggins); Docket No. 63 (Arnold).